**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION AT COVINGTON**
**CASE NO.**

**MICHELE RENEE NUTINI**                                           **PLAINTIFF**

**v.**

**CITY OF COVINGTON; C. BELL; BRIAN**
**VALENTI; and DOES 1-50 individually and**
**in official capacities as police officers for the**
**City Covington inclusive.**                                      **DEFENDANTS**

---

**COMPLAINT FOR VIOLATION OF TITLE 42 USC § 1983, *MONELL* CLAIM, VIOLATION OF KENTUCKY STATUTES, VIOLATION OF COMMON LAW TORTS, AND DAMAGES**

**JURY TRIAL DEMANDED**

---

**INTRODUCTION**

1. The Covington Police Department allows its officers to use unnecessary physical power and authority without limits and it has led to the catastrophic misuse of force against women.

2. Michele is a 5'0 ft tall and 110-pound woman.

3. Officer Bell and the other officers involved are all over 5'10 tall and 200 pounds.

4. Michele was actively trying to deescalate a confrontation between Officer Bell and her friend.

5. Michele was unnecessarily grabbed by the officers and tased in the back by officer Bell without warning.

6. The stark contrast between Michele's physical stature and the officers involved highlights just how unnecessary the use of the taser was.

7. The officers involved could have used sound judgement and easily restrained Michele without deploying a taser.

8. However, Officer Bell and the other officers involved were not interested in following policy but rather only interested in imposing unnecessary physical power and authority that had been granted to them without limits by Covington Police Department.

9. This Complaint, body worn camera footage, witness statements and other discoverable evidence clearly demonstrate that Michele's Constitutional Rights were severely violated by the intentional and negligent actions of Covington Police Department and its agents.

## JURISDICTION

10. This action arises under Title 42 of the United States Code, Section 1983. Title 28 of the United States Code, Sections 1331 and 1343 confers jurisdiction upon this Court. The unlawful acts and practices alleged herein occurred in Covington, Kentucky, which is within this judicial district. Title 28 of the United States Code Section 1391(b) confers venue upon this Court.

## ADMINISTRATIVE PREREQUISITES

11. Plaintiff is not required to comply with any administrative requirements under Kentucky law and due to the seriousness of the allegations Plaintiff does not believe that this is suitable for early settlement.

## PARTIES

12. Plaintiff MICHELLE NUTITI (hereinafter referred to as "PLAINTIFF") is and at all times herein mentioned is a citizen of the United States and a resident of Ohio.

13. Defendants CITY and VALENTIOF COVINGTON (hereinafter referred to as "CITY") is and all

times mentioned herein a municipal corporation, duly authorized to operate under the laws of the Commonwealth of Kentucky. Under its supervision, the CITY operates the Covington Police Department. The Covington Police Department employ's police officers and is responsible for the actions of its employees. PLAINTIFF believes that the CITY is legally responsible and liable for the incident, injuries and damages herein set forth. The CITY proximately caused injuries and damages because of the intentional and/or negligent actions of one or more of its employees, it breached is duty to PLAINTIFF to provide safety and security for the public, violated public policy when its employees used excessive force against PLAINTIFF. The COUNTY is liable for the actions of its employees, through vicarious or imputed liability and *Respondeat Superior*.

14. Defendant OFFICER C. BELL (hereinafter referred to as "BELL") is and all times mentioned herein is an adult and at all times herein mentioned is a citizen of the United States and a resident of Kentucky. BELL was employed as a full-time employee of the CITY as a police officer. At all relevant times BELL was under an oath as a law enforcement officer to serve the community; to safeguard lives and property; to protect the innocent against deception, the weak against oppression or intimidation and the peaceful against violence or disorder; and to respect the constitutional rights of all to liberty, equality, and justice.

15. Defendant CHIEF BRIAN VALENTI (hereinafter referred to as "VALENTI") is and all times mentioned herein is an adult and at all times herein mentioned is a citizen of the United States and a resident of Kentucky. VALENTI was employed as a full-time employee of the VALENTI as the chief of police and was responsible for ensuring that the hiring, transfer, suspension, promotion, discharge, assignment, reward, or discipline of other department members, and directing the work of other members. At all relevant times VALENTI was under an oath as a law enforcement officer to serve the community; to safeguard lives and property; to protect the

innocent against deception, the weak against oppression or intimidation and the peaceful against violence or disorder; and to respect the constitutional rights of all to liberty, equality, and justice.

16. PLAINTIFF is ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sue said defendants by such fictitious names. PLAINTIFF will amend this complaint to allege their true names and capacities when ascertained. PLAINTIFF believes and alleges that each defendant is legally responsible and liable for the incident, injuries and damages herein set forth. Each defendant proximately caused injuries and damages because of his/her intentional and/or negligent actions, breach of duty, violation of public policy and/or use of excessive force. Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control upon any other act of omission. PLAINTIFF will ask for leave to amend his complaint subject to further discovery.

17. In engaging in the conduct alleged herein, defendant police officers acted under the color of law and in the course and scope of their employment with the CITY. In engaging in the conduct described herein, Defendant officers exceeded the authority vested in them as police officers, under the United States and Kentucky Constitutions, and as employees of the CITY.

## STATEMENT OF FACTS

18. On the night of May 2, 2023, and into the early morning hour of May 3, 2023, PLAINTIFF was at a bar with friends to celebrate a birthday.

19. PLAINTIFF is a woman who is 5 feet tall and weighs approximately 110 pounds.

20. At approximately 12:35 AM, while leaving the bar, a friend of PLAINTIFF was intoxicated and

became involved in a verbal altercation with a Covington Police officer, which escalated into yelling between the friend and the officer.

21. At some point during this incident, two more Covington Police officers became involved in the incident.

22. Each of the three Covington Police officers were males weighing approximately 5'10 feet tall and 200 pounds or more.

23. BELL was among these three Covington Police officers; the names of the other two present officers are currently unknown.

24. From the outset of the verbal escalation, PLAINTIFF immediately made verbal attempts to de-escalate the verbal altercation.

25. PLAINTIFF also made physical attempts to de-escalate the verbal escalation and separating her friend and police officers, by guiding her friend away from the officers, in an attempt to walk her friend home.

26. PLAINTIFF successfully guided her friend away from the officers, and the two had walked approximately 100 feet from the police, while the verbal altercation continued from this distance.

27. However, the officers began to follow PLAINTIFF and her friend, rendering PLAINTIFF'S de-escalation attempts useless.

28. As the officers approached, BELL, pulled out a taser gun, with no facts or circumstances giving rise to this use of force.

29. BELL approached PLAINTIFF from behind, then physically pulled PLAINTIFF away from her friend without verbal warning.

30. BELL then grabbed PLAINTIFF while another officer arrested her friend.

31. Following this interaction, BELL without warning or notice that PLAINTIFF was under arrest then deployed a taser gun into PLAINTIFF'S back, causing her to fall onto the ground.

32. Covington Police officers are bound to the Use of Force standards set forth in The CITY's Police Department General Orders ("General Order") issuance.

33. PLAINTIFF never actively resisted BELL.

34. The CITY's General Order asserts that passive resistance occurs when "an individual does not respond to the commands of the Officer; refuses to move; becomes dead weight; issues verbal offense but offers no active physical threat to the Officer."

35. Furthermore, the CITY's General Order states that "as a means of defeating 'passive resistance.' CEWs should not be used on a subject who is passively resisting ("It is unreasonable to tase a non-resisting suspect." *Hagans v. Franklin County Sheriff's Office*, 695 F.3d 505, 509 6th Cir. 2012)"

36. Here, none of PLAINTIFF'S actions amounted to anything more than passive resistance.

37. Nonetheless, BELL ignored the CITY's General Order, and deployed a taser gun towards PLAINTIFF, thus violating the General Order.

38. In addition, the CITY'S General Order also requires the CEW shall be "made visible to the subject whenever possible", before deploying the taser gun.

39. Here, BELL did not make the taser gun visible to PLAINTIFF before deploying it, thus violating the General Order. The taser gun was deployed from behind, onto PLAINTIFF'S back.

40. The CITY's General Order also requires that, "when safe and feasible, Officers deploying a CEW should attempt notification of the suspect and other Officers. The deploying officer should also give the subject a verbal warning that a TASER is going to be deployed prior to deployment. This announcement should be made only if it would not further endanger any Officers, other persons,

or the subject".

41. Here, BELL failed to provide a verbal warning of deploying the taser gun, thus violating the CITY's General Order.

42. The CITY's General Order also provides an escalating scale for employing force; under this, Officers "shall not use a more forceful option unless lesser verbal or physical force would be or has been ineffective or inappropriate".

43. Here, BELL failed to use lesser forms of force, like empty-handed control techniques, thus further violating the CITY's General Order.

44. At 1:23 AM, BELL then placed PLAINTIFF in handcuffs, after violating numerous sections of the CITY's General Order.

45. Throughout this incident, officers blatantly disregarded the CITY's General Order, and substantially deviated from what the CITY's General Order requires.

46. These violations directly caused unnecessary harm to PLAINTIFF.

47. During the incident, BELL maid false claims that PLAINTIFF assaulted him and hit him multiple times.

48. However, the 3rd-degree assault on a police officer charge against PLAINTIFF was dismissed; there was no finding of fact that PLAINTIFF assaulted the officer.

49. CITY police officers have a pattern, and practice of using unnecessary force against women and then making false claims of assault and VALENTI knows of the practice and has failed to properly train and discipline officers.

50. CITY has multiple policies that require lawful procedures prior to search and de-escalation prior to the use of force but CITY and VALENTI allow officers to act without reprimand when using force against women.

## DAMAGES

51. PLAINTIFF was physically, mentally, and emotionally injured as a direct and proximate result of the brutal attack on her person, including but not limited to physical injuries to her back, legs, torso; and emotional damage resulting in a fear of government officials and post-traumatic stress related illnesses as a consequence of Defendants violations of his federal civil rights under 42 U.S.C. §1983 and the Fourth and Fourteenth Amendment's.

52. PLAINTIFF is entitled to recover damages pursuant to the pain and suffering she endured as a result of his civil rights being violated and the tortious acts by defendant's, inclusive.

53. PLAINTIFF found it necessary to engage the services of private counsel to vindicate her rights under the law. PLAINTIFF is therefore entitled to an award of attorney's fees and/or costs pursuant to statute(s) in the event that they are the prevailing party in this action under 42 U.S.C. §§§§ 1983, 1985-86 and 1988.

## FIRST CAUSE OF ACTION

## (Violation of the Fourth Amendment to the United States Constitution- Excessive Force)

## (42 U.S.C. § 1983)

## (PLAINTIF v. ALL DEFENDANTS)

54. PLAINTIFF re-alleges and incorporates by reference paragraphs 1 through 50 of this complaint.

55. Defendants' above-described conduct violates PLAINTIFF's right, as provided for under the Fourth and Fourteenth Amendment to the United States Constitution, to be free from excessive and/or arbitrary and/or unreasonable force against him.

56. PLAINTIFF was forced to endure great pain and suffering because of the CIYT other

DEFENDANTS' conduct.

57. DEFENDANTS acted under color of law by viciously tasing PLAINTIFF without lawful justification and subjecting PLAINTIFF to excessive force thereby depriving PLAINTIFF of certain constitutionally protected rights, including, but not limited to:

58. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth Amendment to the United States Constitution;

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION

### (Monell Claim: 42 U.S.C. § 1983)

### (PLAINTIFF v. CITY)

59. PLAINTIFF re-alleges and incorporates by reference paragraph's 1-50 of this Complaint.

60. The CITY had a duty to adequately train, supervise and discipline their deputy officers in order to protect members of the public, including PLAINTIFF, from being harmed by police officers unnecessarily.

61. The CITY was deliberately indifferent to such duties and thereby proximately caused injury to PLAINTIFF as complained herein.

62. PLAINTIFF In addition, the public inaction by the department has created an atmosphere in which officers believe they may act with impunity when engaging in unlawful conduct, as the CITY itself seems uninterested in complying with CITY policies and procedures.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

## THIRD CAUSE OF ACTION

## (Battery)

## (PLAINTIFF v. ALL DEFENDANTS)

63. PLAINTIFF re-alleges and incorporates by reference paragraph's 1-50 of this Complaint.

64. The present action is brought pursuant to common law torts, as public employees, BELL and DOES 1-50 are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, BELL and DOES 1-50 were acting within the course and scope of their employment and/or agency with CITY. As such, Defendants CITY and VALENTI are liable in *respondeat superior* for the injuries caused by the acts and omissions of BELL and DOES 1-50.

65. CITY, BELL and DOES 1-50 perpetrated an intentional vicious physical attack on PLAINTIFF, and repeatedly battered her by forcefully striking her with a taser. BELL and DOES 1-50 had the requisite intent to make physical contact and inflict pain and suffering on PLAINTIFF.

66.  PLAINTIFF has a right to be free from unwanted or unwarranted contact with her person and this right was violated by Defendants action or omissions, inclusive.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION

## (Assault)

## (PLAINTIFF v. ALL DEFENDANTS)

67. PLAINTIFF re-alleges and incorporates by reference paragraph's 1-50 of this Complaint.

68. The present action is brought pursuant to common law torts, BELL and DOES 1-50 are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times

mentioned herein BELL and DOES 1-50 were acting within the course and scope of their employment and/or agency with CITY. As such, Defendants CITY and VALENTI are liable in *respondeat superior* for the injuries caused by the acts and omissions of DOES 1-50.

69. BELL and DOES 1-50 caused PLAINTIFF to fear that she was going to be severely harmed.

70. DEFEDNATNS tased PLAINTIFF without cause. DEFENDANTS' conduct was neither privileged nor justified under statute or common law.

71. As a result of DEFENDANTS' acts, PLAINTIFF was in fact placed in great apprehension of imminent harmful and offensive contact with her person.

72. At no time did PLAINTIFF consent to any of the acts by the DEFENDANTS as alleged hereinabove.

73. DEFENDANTS conduct as described above caused PLAINTIFF to be apprehensive that would subject her to further intentional invasions of her right to be free from offensive and harmful contact and demonstrated that at all time's herein, DEFENDANTS had a present ability to subject her to an intentional offensive and harmful touching.

74. As a direct and proximate result of DEFENDANTS unlawful conduct as alleged hereinabove, PLAINTIFF has suffered physical injury, sever emotional distress, humiliation, embarrassment, mental and emotional distress, anxiety, and economic harm.

75. PLAINTIFF has a right to be free from fear of unwanted or unwarranted contact with her person and her rights were violated by DEFENDANTS' action or omissions, inclusive.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

## FIFTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)

### (PLAINTIFF v. ALL DEFENDANTS)

76. PLAINTIFF re-alleges and incorporates by reference paragraph's 1-50 of this Complaint.

77. The present action is brought pursuant common law torts as public employees, BELL and DOES 1-50 are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, BELL and DOES 1-50 were acting within the course and scope of their employment and/or agency with CITY. As such, Defendants CITY and VALENTI are liable in *respondeat superior* for the injuries caused by the acts and omissions of BELL and DOES 1-50 pursuant to common law torts.

78. BELL and DOES 1-50 perpetrated a vicious physical attack on PLAINTIFF, by tasing her. The DEFENDANTS then, conspired to inflict further emotional distress, beyond the beating, by threatening legal action against PLAINTIFF and make false claims against her.

79. PLAINTIFF has a right to be free from such callous actions aimed at inflicting mental and emotional damage and this right was violated by said Defendants, inclusive. WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

## SIXTH CAUSE OF ACTION

### (Negligence)

### (PLAINTIFF v. ALL DEFENDANTS)

80. PLAINTIFF re-alleges and incorporates by reference paragraph's 1-50 of the Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, or oppressive conduct by defendants, and any and all allegations requesting punitive damages.

81. In the alternative, PLAINTIFF alleges DEFENDANTS' negligent actions and/or negligent failure to act within the scope and course of their employment with the CITY, as set forth hereinabove approximately caused severe physical injury to PLAINTIFF.

82. The present action is brought pursuant to common law torts as public employees, **ALL DEFENDANTS** are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, **ALL DEFENDANTS** were acting within the course and scope of their employment and/or agency with CITY. As such, Defendants CITY and VALENTI are liable in *respondeat superior* for the injuries caused by the acts and omissions of **ALL DEFENDANTS**.

83. As an actual and proximate result of said Defendants' negligence and physical injuries sustained by PLAINTIFF, PLAINTIFF has sustained pecuniary loss resulting from the loss of comfort, society, attention, and services, in an amount to be determined at trial.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.


## SEVENTH CAUSE OF ACTION

### (Negligent Hiring, Retention, Training, Supervision and Discipline)
### (PLAINTIFF v. CITY)

84. PLAINTIFF incorporates the foregoing paragraphs by reference, as though fully reproduced herein, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, or oppressive conduct by defendants, and any and all allegations requesting punitive damages.

85. PLAINTTIF claims that she was wrongfully tased and restrained at the scene of the incident and later detained by DEFENDANTS at the CITY jail.

86. The Defendants intentionally deprived PLAINTIFF of her freedom of movement by use of physical barriers and threats of force, and unreasonable duress. The restraint confinement and dentition of Plaintiff.

87. The Defendants conduct was a substantial factor in causing the PLAINTIFF harm.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

## EIGTH CAUSE OF ACTION

### (Supervisor Liability- 42 U.S.C. § 1983)
### (PLAINTIFF v. VALENTI)

88. PLAINTIFF incorporates the foregoing paragraphs by reference, as though fully reproduced herein, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, or oppressive conduct by defendants, and any and all allegations requesting punitive damages.

89. **VALENTI** was employed by CITY as Chief for the Covington Police Department.

90. At all relevant times **VALENTI** was responsible for hiring, transfer, suspension, promotion, discharge, assignment, reward, or discipline of other department members, and directing the work of other members.

91. At all relevant times **VALENTI** was under an oath as a law enforcement officer to serve the community; to safeguard lives and property; to protect the innocent against deception, the weak against oppression or intimidation and the peaceful against violence or disorder; and to respect the constitutional rights of all to liberty, equality, and justice.

92. **VALENTI** was personally involved in the constitutional deprivation of PLAINTIFF's constitutional rights by participating in the act of covering up evidence and not properly

preserving phone text messages and witness statements in an attempt to criminally charge PLAINTIFF with acts of domestic violence.

93. **VALENTI** was personally involved in a sufficient casual connection of PLAINTIFF's constitutional rights by their approval of fabricated and factious police incident reports.

94. **VALENTI** was reckless and had a callous indifference for the rights of PLAINTIFF.

95. **VALENTI** acts directly caused PLAINTIFF harm.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

## JURY DEMAND

96. **PLAINTIFF hereby demands a jury trial**.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays for relief, as follows:

For general damages in a sum according to proof;

For special damages, including but not limited to, past, present and/or future wage loss, medical expenses and other special damages to be determined according to proof;

For punitive and exemplary damages against each defendant in a sum according to proof;

Any and all permissible statutory damages;

For costs of suit and reasonable attorney's fees pursuant to 42 U.S.C. § 1988 and U.S.C. § 794(a);

For all other relief to which the Court deems just and proper.

Dated: May 3, 2024                                    _____

                                                      Attorney for Plaintiff

COMPLAINT FOR DAMAGES
*NUTINI V. CITY OF COVINGTON et al.*