**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**COVINGTON DIVISION**
**CASE NO. 2:24-CV-00076-DLB**

**MICHELE RENEE NUTINI**                                           **PLAINTIFF**

**v.**

**CITY OF COVINGTON,** *et al.*                                      **DEFENDANTS**

---

**ANSWER OF CITY OF COVINGTON, OFFICER CHARLIE BEIL AND CHIEF BRIAN VALENTI**

---

The Defendants, City of Covington, Kentucky; Officer Charlie Beil[1], individually and in his official capacity as a Police Officer for the City of Covington; and, Chief Brian Valenti, individually and in his official capacity as Chief of the Covington Police Department, by and through counsel, for their Answer to the Complaint, state as follows:

1. Defendants deny the averments in paragraph 1 of the Complaint.

2. Defendants deny the averments in paragraph 2 of the Complaint for lack of knowledge or information sufficient to form a belief as to their truth or falsity.

3. Defendants deny the averments in paragraph 3 of the Complaint for lack of knowledge or information sufficient to form a belief as to their truth or falsity.

4. Defendants deny the averments in paragraph 4 of the Complaint.

5. Defendants deny the averments in paragraph 5 of the Complaint.

6. Defendants deny the averments in paragraph 6 of the Complaint.

7. Defendants deny the averments in paragraph 7 of the Complaint.

8. Defendants deny the averments in paragraph 8 of the Complaint.

---

[1] Officer Beil was incorrectly referred to in the Complaint as "Officer Bell".

9. Defendants deny the averments in paragraph 9 of the Complaint.

10. The averments in paragraph 10 of the Complaint call for a conclusion of law which Defendants are not required to make and accordingly, no response is required.

11. The averments in paragraph 11 of the Complaint call for a conclusion of law which Defendants are not required to make and accordingly, no response is required.

12. Defendants deny the averments in paragraph 12 of the Complaint for lack of knowledge or information sufficient to form a belief as to their truth or falsity.

13. Defendants admit so much of paragraphs 13 of the Complaint that aver that the City of Covington is a municipal corporation duly organized and operating under the laws of the Commonwealth of Kentucky, and that it operates a Police Department and employs Police Officers, but denies all remaining averments therein.

14. Defendants admit so much of paragraph 14 of the Complaint that avers that Officer Charlie Beil is an adult and citizen of the Commonwealth of Kentucky and the United States, and that he is a Police Officer employed by the City of Covington, but deny all remaining averments therein.

15. Defendants admit so much of paragraph 15 of the Complaint that avers that Chief Brian Valenti is an adult and citizen of the Commonwealth of Kentucky and the United States, and that he is Police Chief employed by the City of Covington, and that his duties involve participation in the hiring, discipline, and promotion of Police Officers, but deny all remaining averments therein.

16. Defendants deny the averments in paragraph 16 of the Complaint.

17. Defendants admit so much of paragraph 17 of the Complaint that avers that Officer Beil and Chief Valenti were acting within the course and scope of their employment with the City at all relevant times, but deny all remaining averments therein.

18. Defendants deny the averments in paragraph 18 of the Complaint for lack of knowledge or information sufficient to form a belief as to their truth or falsity.

19. Defendants deny the averments in paragraph 19 of the Complaint for lack of knowledge or information sufficient to form a belief as to their truth or falsity.

20. Defendants deny the averments in paragraph 20 of the Complaint for lack of knowledge or information sufficient to form a belief as to their truth or falsity, but admit all statements and events captured on police officer body worn camera footage.

21. Defendants deny the averments in paragraph 21 of the Complaint for lack of knowledge or information sufficient to form a belief as to their truth or falsity, but admit all statements and events captured on police officer body worn camera footage.

22. Defendants deny the averments in paragraph 22 of the Complaint for lack of knowledge or information sufficient to form a belief as to their truth or falsity.

23. Defendants admit so much of paragraph 23 of the Complaint that avers that Officer Beil was involved in the arrest of Plaintiff, but deny all remaining averments therein.

24. Defendants deny the averments in paragraph 24 of the Complaint.

25. Defendants deny the averments in paragraph 25 of the Complaint.

26. Defendants deny the averments in paragraph 26 of the Complaint.

27. Defendants deny the averments in paragraph 27 of the Complaint.

28. Defendants deny the averments in paragraph 28 of the Complaint.

29. Defendants admit all events as captured on the police officers' body worn camera footage, but otherwise deny the characterization of events as averred in paragraph 29 of the Complaint.

30. Defendants admit all events as captured on the police officers' body worn camera footage, but otherwise deny the characterization of events as averred in paragraph 30 of the Complaint.

31. Defendants admit that Officer Beil deployed his taser on Plaintiff, but deny all remaining averments in paragraph 31 of the Complaint.

32. The Use of Force Policy set forth within the Covington Police Department's General Orders, as referred to in paragraph 32 of the Complaint, speaks for itself and requires no further response by Defendants.

33. Defendants deny the averments in paragraph 33 of the Complaint.

34. The Police Department's General Orders, as referenced in paragraph 34 of the Complaint, speak for themselves and require no response by Defendants.

35. The Police Department's General Orders, as referenced in paragraph 35 of the Complaint speak for themselves and require no response by Defendants.

36. Defendants deny the averments in paragraph 36 of the Complaint.

37. Defendants deny the averments in paragraph 37 of the Complaint.

38. The Covington Police Department's General Orders, as referenced in paragraph 38 of the Complaint, speaks for itself and requires no further response by Defendants.

39. Defendants admit all matters captured on the officers' body worn camera footage, but otherwise deny the characterization of the events as averred in paragraph 39 of the Complaint.

40. The Police Department's General Orders, as referenced in paragraph 40 of the Complaint, speak for themselves and require no further response by Defendants.

41. Defendants deny the averments in paragraph 41 of the Complaint.

42. The Covington Police Department's General Orders, as referenced in paragraph 42 of the Complaint, speak for themselves and require no further response by Defendants.

43. Defendants deny the averments in paragraph 43 of the Complaint.

44. Defendants admit so much of paragraph 44 of the Complaint that avers that Officer Beil placed Plaintiff under arrest, but deny all remaining averments therein.

45. Defendants deny the averments in paragraph 45 of the Complaint.

46. Defendants deny the averments in paragraph 46 of the Complaint.

47. Defendants deny the averments in paragraph 47 of the Complaint.

48. Defendants deny the averments in paragraph 48 of the Complaint for lack of knowledge or information sufficient to form a belief as to their truth or falsity.

49. Defendants deny the averments in paragraph 49 of the Complaint.

50. Defendants deny the averments in paragraph 50 of the Complaint.

51. Defendants deny the averments in paragraph 51 of the Complaint.

52. Defendants deny the averments in paragraph 52 of the Complaint.

53. Defendants deny the averments in paragraph 53 of the Complaint.

54. Defendants reiterate their admissions and denials to the averments in paragraphs 1 through 50 as adopted in paragraph 54 of the Complaint.

55. Defendants deny the averments in paragraph 55 of the Complaint.

56. Defendants deny the averments in paragraph 56 of the Complaint.

57. Defendants deny the averments in paragraph 57 of the Complaint.

58. The averments in paragraph 59 of the Complaint call for a conclusion of law which Defendants are not required to make and accordingly, no response is required.

59. Defendants reiterate their admissions and denials to the averments in paragraphs 1 through 50 as adopted in paragraph 59 of the Complaint.

60. The averments in paragraph 60 of the Complaint call for a conclusion of law which Defendants are not required to make and accordingly, no response is required.

61. Defendants deny the averments in paragraph 61 of the Complaint.

62. Defendants deny the averments in paragraph 62 of the Complaint.

63. Defendants reiterate their admissions and denials to the averments in paragraphs 1 through 50 as adopted in paragraph 63 of the Complaint

64. Defendants deny the averments in paragraph 64 of the Complaint.

65. Defendants deny the averments in paragraph 65 of the Complaint.

66. Defendants deny the averments in paragraph 66 of the Complaint.

67. Defendants reiterate their admissions and denials to the averments in paragraphs 1 through 60 as adopted in paragraph 67 of the Complaint

68. Defendants deny the averments in paragraph 68 of the Complaint.

69. Defendants deny the averments in paragraph 69 of the Complaint.

70. Defendants deny the averments in paragraph 70 of the Complaint.

71. Defendants deny the averments in paragraph 71 of the Complaint.

72. Defendants deny the averments in paragraph 72 of the Complaint for lack of knowledge or information sufficient to form a belief as to their truth or falsity.

73. Defendants deny the averments in paragraph 73 of the Complaint.

74. Defendants deny the averments in paragraph 74 of the Complaint.

75. Defendants deny the averments in paragraph 75 of the Complaint.

76. Defendants reiterate their admissions and denials to the averments in paragraphs 1 through 50 as adopted in paragraph 76 of the Complaint

77. Defendants deny the averments in paragraph 77 of the Complaint.

78. Defendants deny the averments in paragraph 78 of the Complaint.

79. Defendants deny the averments in paragraph 79 of the Complaint.

80. Defendants reiterate their admissions and denials to the averments in paragraphs 1 through 50 as adopted in paragraph 80 of the Complaint, and deny all remaining averments therein.

81. Defendants deny the averments in paragraph 81 of the Complaint.

82. Defendants deny the averments in paragraph 82 of the Complaint.

83. Defendants deny the averments in paragraph 83 of the Complaint.

84. Defendants reiterate their admissions and denials to the averments in paragraphs 1 through 83 as adopted in paragraph 84 of the Complaint, and deny all remaining averments therein.

85. Defendants deny the averments in paragraph 85 of the Complaint.

86. Defendants deny the averments in paragraph 86 of the Complaint.

87. Defendants deny the averments in paragraph 87 of the Complaint.

88. Defendants reiterate their admissions and denials to the averments in paragraphs 1 through 87 as adopted in paragraph 88 of the Complaint.

89. Defendants admit the averments in paragraph 89 of the Complaint.

90. Defendants admit so much of paragraph 90 of the Complaint that avers that Chief Valenti is involved in the hiring, transfer, suspension, promotion, discharge, assignment, reward and discipline of members of the Covington Police Department, as well as directing the work of members of the Department, but deny all remaining averments therein.

91. Chief Valenti's oath of office, as referenced in paragraph 91 of the Complaint, speaks for itself and requires no further response by Defendants.

92. Defendants deny the averments in paragraph 92 of the Complaint.

93. Defendants deny the averments in paragraph 93 of the Complaint.

94. Defendants deny the averments in paragraph 94 of the Complaint.

95. Defendants deny the averments in paragraph 95 of the Complaint.

96. The averments in paragraph 96 of the Complaint do not allege any acts or omissions on behalf of Defendants and accordingly, no response is required.

**FIRST DEFENSE**

1. The Complaint fails to allege facts sufficient to state a claim against Defendants upon which relief may be granted.

**SECOND DEFENSE**

2. The Defendants, Officer Charlie Beil and Chief Brian Valenti, in their respective individual capacities, are entitled to qualified immunity from suit, from any federal claims asserted therein, and from the liability sought to be imposed by the Plaintiff in her Complaint.

**THIRD DEFENSE**

3. The Defendants, Officer Charlie Beil and Chief Brian Valenti, in their respective individual capacities, are entitled to qualified official immunity from suit, from any state law claims asserted therein, and from the liability sought to be imposed by the Plaintiff in her Complaint.

**FOURTH DEFENSE**

4. Plaintiff is estopped from asserting the claims asserted in her Complaint.

**FIFTH DEFENSE**

5. At all times referenced in the Complaint, Defendants actions were reasonable, proper, justified, lawful, and undertaken without any wrongful intent, impact or affect.

**SIXTH DEFENSE**

6. Some or all of Plaintiff's claims are barred by the doctrine of issue and/or claim preclusion.

**SEVENTH DEFENSE**

7. If the Plaintiff was injured and/or damaged as alleged in her Complaint, her injuries and/or damages were caused solely as a result of her own acts or omissions to act.

**EIGHTH DEFENSE**

8. Alternatively, if the Plaintiff was injured and/or damaged as alleged in her Complaint, her injuries and/or damages were caused solely as a result of the acts or omissions of a third party(ies) over whom Defendants have no control and for whose acts or omissions Defendants are neither liable nor responsible to the Plaintiff.

**NINTH DEFENSE**

9. Alternatively, if the Plaintiff was injured and/or damaged as alleged in her Complaint, her injuries and/or damages were caused and brought about by an intervening, superseding cause outside the realm of knowledge, foreseeability or control of Defendants.

**TENTH DEFENSE**

10. Alternatively, Plaintiff had a duty to mitigate her damages and has failed to do so.

**ELEVENTH DEFENSE**

11. To the extent that the Complaint asserts claims against Defendants, Officer Charlie Beil and Chief Brian Valenti, in their respective official capacities, it is equivalent to a claim against the City of Covington and accordingly, the claims against them in their official capacity are redundant.

**TWELFTH DEFENSE**

12. Plaintiff's claims are time barred by the governing statute of limitations and/or the doctrine of laches.

**THIRTEENTH DEFENSE**

13. The imposition of punitive damages against Defendants would violate their constitutional rights under the due process clause of the Fifth and Fourteenth Amendments and the excessive fines clause of the Eighth Amendment to the United States Constitution and similar provisions in the Constitution of the Commonwealth of Kentucky.

**FOURTEENTH DEFENSE**

14. To avoid waiver, Defendants assert all affirmative defenses in Civil Rule 8(c) as a bar to Plaintiff's claims.

WHEREFORE, having fully answered, the Defendants, City of Covington, Kentucky; Officer Charlie Beil, individually and in his official capacity as a Police Officer for the City of Covington; and, Chief Brian Valenti, individually and in his official capacity as Chief of the Covington Police Department, demand that the Complaint be dismissed with prejudice at the cost of the Plaintiff, for an award of attorney fees incurred in defending this action, for trial by jury, and for any and all other relief to which they may appear to be entitled.

        Respectfully submitted,

*/s/ Jeffrey C. Mando*
Jeffrey C. Mando, Esq. (#43548)
ADAMS LAW, PLLC
40 West Pike Street
Covington, KY  41011
859.394.6200
859.392.7263 – Fax
jmando@adamsattorneys.com

*Attorney for Defendants, City of Covington, Kentucky; Officer Charlie Beil, individually and in his official capacity as a Police Officer for the City of Covington; and, Chief Brian Valenti, individually and in his official capacity as Chief of the Covington Police Department*

**CERTIFICATE OF SERVICE**

I hereby certify that on the **23rd** day of August, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will provide notice of electronic filing to: Jamir Davis, Esq.

        */s/ Jeffrey C. Mando*
        Jeffrey C. Mando, Esq.